IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, <br><br>Plaintiffs, <br><br>v. <br><br>U.S. PLUMBING & SEWER, INC. and JOHN DIFOGGIO, individually, <br><br>Defendants. | Case No.: 18 CV 5277 <br><br> Judge: Kocoras |

## MOTION FOR JUDGMENT IN SUM CERTAIN AGAINST DEFENDANT JOHN DIFOGGIO

Plaintiffs, the PLUMBERS' PENSION FUND, LOCAL 130, U.A. et. el., (hereafter "Plaintiffs") by and through their attorneys Michael J. McGuire and Gregorio & Marco, Ltd. hereby move this Honorable Court to Enter a Judgment in a Sum Certain against Defendant JOHN DIFOGGIO, (hereafter "DiFoggio"). In support of their Motion, Plaintiffs state as follows:

1. Plaintiffs filed their motion for Judgment on the Pleadings against Defendant DiFoggio, under Counts II and III of the Second Amended Complaint on August 28, 2019.

1

2. This Honorable Court granted Plaintiffs motion for Judgement on the Pleadings against DiFoggio under Counts II and III per written Order dated October 25, 2019, Document number 38. A true and correct copy of the Order is attached as **Exhibit A**.

3. The parties have not been able to come to an agreement as to the damages owed by DiFoggio under Counts II and III of the Second Amended Complaint and Plaintiff is bringing this motion for entry of a Judgment in a Sum Certain against DiFoggio.

4. This Court under Count II found that DiFoggio was an employer under *ERISA* and was liable to the Plaintiffs for unpaid contributions to the various Trust Funds for the time period of December 5, 2018 to the present.

5. Defendant, DiFoggio failed to remit fringe benefit contribution reports and contributions for the months of December 2018, January 2019 and February 2019 in the total amount of $99,150.66. A true and correct copy of the fringe benefit reports are attached as **Exhibit B**. Please also see **Exhibit C**, Affidavit of Anthony Rottman.

6. Defendant, DiFoggio has not made any payments to the Plaintiffs for the contributions shown to be due for December 2018, January 2019 and February 2019. See **Exhibit C**, Paragraph 9.

7. This Court under Count III found that DiFoggio breached a contract between himself and the Fund and was personally liable for the breach.

8. Pursuant to the contract, attached as **Exhibit D**, at Paragraphs 2 and 8, DiFoggio personally guaranteed payment of $39,156.63.

9. DiFoggio made no payments under the contract to the Plaintiffs. See **Exhibit C**, Paragraph 9, affidavit of Anthony Rottman.

10. Plaintiffs, through third party collection efforts against surety bonds and through mechanics' liens collected a total of $74,860.08 which has been applied to the outstanding amounts owed by DiFoggio. **Exhibit C**, Paragraph 10.

11. DiFoggio owes the Plaintiffs the total of $138,307.29 in missing fringe benefit contributions less amounts collected in the amount of $74,860.08 for a total of $63,447.21 in fringe benefit contributions due.

12. As DiFoggio was found to be an employer under *ERISA* per count II, the CBA provides that delinquent contributions are subject to interest assessments. The CBA states that delinquent contributions are subject to an 8 percent liquidated damages assessment. The CBA further requires that an additional interest rate of Prime plus 3 percent be assessed as interest. Pursuant to the Affidavit of the Fund's Delinquency Coordinator (**Exhibit C**), as of January 13, 2020, $11,980.70 is due in interest and $7,932.05 is due in liquidated damages for the unpaid reports.

13. DiFoggio was found to be an employer under ERISA per Count II, the CBA and Federal Statute allow for attorney fees. In addition DiFoggio agreed to be liable for attorney fees under Count III, per the contract, **Exhibit D**, at Paragraph 8 if the contract was breached. Plaintiffs are entitled to attorney fees in the amount of $4,875.00, as set forth in Affidavit of Attorney Michael J. McGuire attached as **Exhibit E**, per the Collective Bargaining Agreement Article IX, Section 9.8, enforceable through 29 U.S.C. §185, and 29 U.S.C. §1132(g)(2)(D) and the contract, **Exhibit D**, Paragraph 8.

WHEREFORE, Plaintiffs seek a Judgment against Defendant, JOHN DIFOGGIO in the aggregate sum of $88,234.96, and the Plaintiffs be awarded any other relief this Court deems just.

Respectfully submitted,
**Plumbers Local 130 Fringe Benefit Funds**

BY: /s/ Michael J. McGuire
One of their attorneys

Michael J. McGuire
ARDC#: 6290180
Gregorio & Marco, Ltd.
Attorney for Plaintiffs
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343